**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

———————————————

No. 98-10748

———————————————

In Re: UNITED STATES OF AMERICA,

                                        Petitioner.

———————————————

On Petition For a Writ of Mandamus
to the United States District Court
for the Northern District of Texas

———————————————

July 29, 1998

Before JONES, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:

The United States has filed a petition for a writ of mandamus seeking an order from this court directing the district court to vacate the requirement in its order of February 2, 1998, in the action *United States v. Gordon B. McLendon, Jr., et al.,* mandating that the United States be represented at mediation by a person with full settlement authority.[1]

Because we find that the district court has not abused its discretion, we deny the Government's petition for a writ of mandamus. *See In re Stone,* 986 F.2d 898, 902 (5th Cir. 1993).

---

[1] The district court ordered that each party be represented during the entire mediation process by "an executive officer (other than in-house counsel) with authority to negotiate a settlement (the authority required shall be active, i.e., not merely the authority to observe the mediation proceedings but the authority to negotiate, demand or offer, and bind the party represented)."

However, we request that the district court consider alternatively ordering the Government to have the person or persons identified as holding full settlement authority consider settlement in advance of the mediation and be fully prepared and available by telephone to discuss settlement at the time of mediation. *See id.* at 905.

Petition for Writ of Mandamus DENIED.

DENNIS, Circuit Judge, specially concurring:

I am writing to specially concur in the denial of mandamus because I believe that a finding of an abuse of discretion or an issuance of mandamus is not appropriate at this time because it is not clear whether the district court actually failed to consider and to reasonably eliminate all alternatives but the one of "last resort." Furthermore, I write specially to explain to the district court my reasons underlying the request and the denial of mandamus.

In *In re Stone,* 986 F.2d 898 (5th Cir. 1993), we outlined, in some detail, the peculiar position of the Attorney General and the special problems the Department of Justice faces in handling the government's ever-increasing volume of litigation. *Id.* at 904-05. We concluded that the district court abused its discretion in routinely requiring a representative of the government with ultimate settlement authority to be present at all pretrial or settlement conferences. *Id.* at 905. Although we did not suggest that the district court could never issue such an order, we declared that it should consider "less drastic steps" before doing so. *Id.*

We set forth examples of less drastic steps the court should consider, such as requiring the government to declare whether the case could be settled within the authority of the United States Attorney, and if so, ordering the United States Attorney to either attend the conference personally or be available by telephone to discuss settlement at the time of the conference. *Id.* In those cases in which routine litigation can not be settled within the authority of the United States Attorney, "and the failure of the government to extend settlement authority is a serious, persistent problem, substantially hampering the operations of the docket," we

3

declared that the court could take additional action, such as "requiring the government to advise it of the identity of the person or persons who hold such authority and directing those persons to consider settlement in advance of the conference and be fully prepared and available by telephone to discuss settlement at the time of the conference." *Id.*

Finally, we declared that if the district court's reasonable efforts to conduct an informed settlement discussion in a particular case are thwarted because a government official with settlement authority will not communicate with government counsel or the court in a timely manner, the court, "as a last resort," can require the appropriate officials with full settlement authority to attend a pretrial conference. *Id.*

This case is substantially different from *Stone* in that (a) it is an exceptional case rather than routine litigation;[2] (b) it involves specifically ordered mediation rather than a standing order or an ordinary pretrial settlement conference; and (3) the government agreed to mediation. However, the special problems of the Attorney General still should be given proper consideration and weight, and, if possible, accommodated. The district court does

---

[2] In *Stone,* this court recognized that, as in the instant case, "settlements in various classes of *important cases* must be approved by the Deputy Attorney General or one of the Assistant Attorneys General." *Id.* at 901 (emphasis added). In this suit, the government is seeking to enforce collection of an estate tax liability of more than $2.2 million, plus statutory interest, costs, and a 10 percent surcharge. Although each local United States Attorney has settlement authority up to $500,000 provided that the client agency approves, Department of Justice regulations require the approval of either the Deputy Attorney General or the Associate Attorney General when, for any reason, the settlement of a claim would exceed $2 million. *See* 28 C.F.R. §§ 0.160(1)(c), 0.161.

4

not indicate that it considered or tried the lesser alternative of requiring the government officer with ultimate settlement authority to be fully prepared and available by telephone to discuss settlement at the mediation, instead of requiring the government official with that authority to personally attend the mediation. I agree that the district court should consider alternatively ordering the Attorney General to have the person or persons identified as holding full settlement authority consider settlement in advance of the mediation and be fully prepared and available by telephone to discuss settlement at the time of mediation. I believe that this alternative is a reasonable compromise that takes into account both the court's need to conduct its business in a reasonably efficient manner without unnecessarily wasting valuable judicial resources, and the Government's need for centralized decision-making and its special problems in handling ever-increasing volumes of litigation.

While I am confident that the district court will consider the alternative and, if feasible, adjust its directives accordingly, and that the government will cooperate and comply with such a reasonable alternative order, I would deny the writ of mandamus without prejudice.